**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**D'ANGELO HUTCHINSON,**

    **Plaintiff,**

v.                                                                                  Case No.  8:05-cv-833-T-30TGW

**THE CITY OF ST. PETERSBURG and**
**THE STATE OF FLORIDA ,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motions to Dismiss Plaintiff's Amended Complaint[1] (Dkt. ##31, 33) and Plaintiff's responses thereto (Dkt. ##42, 44).  Defendants have moved to dismiss Plaintiff's state law claims of (1) malicious prosecution, (2) negligent investigation, training and supervision, and (3) false arrest and false imprisonment, as well as Plaintiff's federal civil rights claim brought pursuant to 42 U.S.C.A. §1983.  After consideration, this Court finds that Defendants' motions should be granted in part and denied in part.

Plaintiff's claim of malicious prosecution is subject to dismissal based on Florida's sovereign immunity statute.  Section 768.28(9)(a) of the Florida Statutes provides in pertinent part:

---

[1] Although Defendant City of St. Petersburg has moved, in the alternative, for summary judgment, its motion is treated as a motion to dismiss for purposes of this Order.

> The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28. This statute applies to Plaintiff's "malicious" prosecution claims against the Defendants because it shields then from liability for actions of their employees committed with "malicious" purpose. See e.g., City of Coconut Creek v. Fowler, 474 So.2d 820, 822 (Fla. Dist. Ct. App. 1985) (relying on Florida's sovereign immunity statute to deny a malicious prosecution claim). Sebring Utilities Commission v. Sicher, 509 So.2d 968, 970 (Fla. Dist. Ct. App. 1987).

Plaintiff attempts to circumvent this statute by asserting that the alleged actions in this case were committed with "legal malice" rather than actual malice. Plaintiff, however, has failed to cite to a single case in support of the argument that Florida law distinguishes between legal malice and actual malice. Florida courts routinely rely on the sovereign immunity statute to dismiss claims of malicious prosecution, and there is no indication that a difference between legal and actual malice exists under Florida law. See Sebring Utils. Comm'n v. Sicher, 509 So. 2d 968, 970 (Fla. Dist. Ct. App., 1987)(recognizing that "[m]alice is not only an essential element of malicious prosecution, it is the gist of such a cause of action"). Plaintiff's claims for malicious prosecution, therefore, should be dismissed.

Plaintiff's claims of negligent training and supervision of Defendant's employees should also be dismissed, as should his claim for negligent investigation. These claims arise out of Defendants' discretionary functions, and, therefore, are barred under Florida's

immunity doctrines. See e.g., Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001) (upholding the lower court's dismissal of the plaintiff's negligent training claim because the claim "challenge[d] . . . discretionary governmental functions immune from tort liability").

Because it appears beyond dispute that Plaintiff was arrested on September 27, 2000, and this action was filed on September 28, 2004, Plaintiff's false arrest claim should be dismissed for failure to comply with Florida's four-year statute of limitations. Fla. Stat. §95.11(3)(o). Plaintiff's false imprisonment and Section 1983 claims, however, should not be dismissed on statute of limitations grounds or for failure to state a claim as Defendants' contend. Plaintiff alleges that he was arrested without probable cause, Defendants continued to confine him after the arrest and after obtaining evidence that indicated he was innocent and these actions were attributable to a policy or custom of the Defendants. Accepting all of these allegations as true, which is required at this stage of the proceedings, Plaintiff's state law claim of false imprisonment and his Section 1983 claim arising out of the alleged false arrest and imprisonment are timely and sufficient. See Ortega v. Christian, 85 F.3d 1521, 1525-1527 (11th Cir. 1993)(setting forth the common law elements of false imprisonment for Section 1983 purposes); Cannon v. Macon County, 1 F.3d 1558, 1563 (11th Cir. 1993) (recognizing the Constitutional right to "be free from continued detention after it was or should have been known that the detainee was entitled to release"); Johnson v. Weiner, 155 Fla. 169, 171 (1944) (identifying the elements of false imprisonment under Florida law); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Because additional proceedings are

in order for the parties to fully develop the record with respect to Plaintiff's remaining Section 1983 claims of inadequate training and supervision, these claims also should not be dismissed.[2]

It is therefore ORDERED AND ADJUDGED that Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Dkt. ##31, 33) are **GRANTED IN PART AND DENIED IN PART**. Plaintiff's state law claims of malicious prosecution; negligent investigation, training and supervision; and false arrest are dismissed. Defendant's request that Plaintiff's false imprisonment and Section 1983 claims be dismissed is denied.

**DONE** and **ORDERED** in Tampa, Florida on August 12, 2005.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-833 Motns Dismiss False Arrest, Imprisonment, 1983.wpd

---

[2] It is unclear whether Plaintiff is actually asserting a separate Section 1983 claim based on inadequate training and supervision or if these allegations form a part of a broader Section 1983 claim based on an alleged continuing unlawful detention. It should be noted that Section 1983 claims based on inadequate training and supervision will not survive the summary judgment stage if Plaintiff does not establish facts demonstrating that the failure to train and supervise "amounts to a deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1988).